## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THE ANDERSON LIVING TRUST
f/k/a THE JAMES H. ANDERSON
LIVING TRUST, THE PRICHETT
LIVING TRUST, CYNTHIA W.
SADLER, and ROBERT WESTFALL,

        Plaintiffs,

vs.                                         No. CIV 12-0040 JB/KBM

WPX ENERGY PRODUCTION, LLC f/k/a
WPX ENERGY SAN JUAN, LLC and
WILLIAMS PRODUCTION COMPANY, LLC,
and WPX ENERGY ROCKY MOUNTAIN,
LLC, f/k/a WILLIAMS PRODUCTION
RMT COMPANY, LLC,

        Defendants.

### MEMORANDUM OPINION[1]

    **THIS MATTER** comes before the Court on the Defendants' Motion to Stay Discovery,

filed March 27, 2012 (Doc. 25)("Motion to Stay").   The primary issue is whether the Court should

issue a protective order under Federal Rule of Civil Procedure 26(c) to stay discovery given that

the Court has granted in part and denied in part the Defendants' Motion to Dismiss.   The Court

will deny the Motion to Stay.   Discovery is appropriate for the claims which survived the Motion

to Dismiss.

### FACTUAL BACKGROUND

    This matter arises from a dispute over the royalty payments that the Defendants --

---

    [1] On March 29, 2013, the Court entered an Order denying the Defendants' Motion to Stay
Discovery, filed March 27, 2012 (Doc. 25).   See Order, filed March 29, 2013 (Doc. 94)("Order").
The Court stated that it would "at a later date issue an opinion more fully detailing its rationale for
this decision."   Order at 2 n.1.   This Memorandum Opinion is the promised opinion.

producers of oil and gas in New Mexico and Colorado, and working interest holders in oil-and-gas

leases belonging to the Plaintiffs -- owe to the Plaintiffs -- royalty interest holders on the leases.

> The San Juan Basin, one of the largest natural gas producing fields located in
> northwest New Mexico and southwest Colorado, was originally developed in the
> early 1950's by El Paso Natural Gas Company . . . .   The natural gas produced in
> the San Juan Basin is conventional gas which contains methane (natural gas) and
> entrained natural gas liquids ("NGLs"), such as ethane and butane.   In order to
> make the gas safe to enter the interstate pipeline, the NGLs must be removed from
> the gas stream.

Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co., 407 F.3d 1091, 1099 (10th Cir. 2005)("Elliott

Indus.").   The Plaintiffs in this matter all own interests in hydrocarbons derived from wells in

New Mexico and Colorado.   See First Amended Complaint for Underpayment for Oil and Gas

Royalties ¶¶ 1-7, at 1-2, filed in state court on December 5, 2011, filed in federal court on January

12, 2012 (Doc. 1-1)("FAC"); Second Amended Complaint ¶¶ 1-4, at 1-2, filed February 16, 2012

(Doc. 10)("SAC").   The Plaintiffs reside in Utah (Anderson Living Trust), Colorado (Pritchett

Living Trust), Texas (Sadler), and New Mexico (Robert Westfall).   See FAC ¶¶ 1-7, at 1-2; SAC

¶¶ 1-4, at 1-2.   WPX Energy Production, LLC, f/k/a WPX Energy San Juan LLC, Williams

Production Company, LLC, and WPX Energy Rocky Mountain, LLC, f/k/a Williams Production

RMT Company, LLC ("WPX") are producers and vendors of conventional natural gas, originating

from the Fruitland coal formation; coalbed methane ("CBM") natural gas; and other petroleum

hydrocarbons from wells in which the Defendants own lease-hold interests.[2]   See FAC ¶ 8, at 2-3;

---

[2] "Conventional natural gas" differs from "unconventional natural gas" in the manner,
ease, and cost associated with extracting the resources.   Conventional & Unconventional,
Canadian Association of Petroleum Producers, http://www.capp.ca/CANADAINDUSTRY/
NATURALGAS/CONVENTIONAL-UNCONVENTIONAL/Pages/default.aspx (last visited
Apr. 24, 2012).   Conventional natural gas is produced from "relatively highly porous and
permeable sandstone or carbone geologic formations."   Natural Gas: A Primer, Natural
Resources      Canada      (last      modified      January      18,      2011),

SAC ¶ 9, at 3.   "Plaintiffs each own a non-cost bearing interest in the revenues derived from the production and sale of hydrocarbons pursuant to the terms of oil and gas leases owned or partially owned by" the Defendants in the "subject wells."   FAC ¶ 9, at 3; SAC ¶10, at 3.   The "subject wells" are "all wells in the States of New Mexico and Colorado in which [the Defendants own] all or a portion of the oil and gas leases under which non-cost bearing, royalty and/or overriding royalty payments are/were owed, and which produce or produced hydrocarbons."   FAC ¶ 10, at 3; SAC ¶ 11, at 3.   The Plaintiffs bring this action as a class against the Defendants on behalf of all owners of "non-cost bearing" royalty interests in the subject wells.[3]   FAC ¶ 12, at 4; SAC ¶ 13, at 4.

The Plaintiffs, or their predecessors, acquired their interests in the hydrocarbon revenues from the subject wells through executing oil-and-gas mining leases and/or permits to the Defendants.   See FAC ¶ 10, at 3; SAC ¶ 11, at 3.   Under the leases, the Defendants owe the Plaintiffs a "duty to pay royalties on all hydrocarbons" for the value or price which the Defendants

---

http://www.nrcan.gc.ca/energy/sources/natural-gas/1233#conventional.   Unconventional natural gas is produced from "coal seams   (. . . CBM) , low permeability rocks . . . , or shale . . . ."   Id.

The Fruitland Coal formation is "one of the most prolific sources of U.S. coalbed methane reserves."   Mesa Royalty Trust: Topics: San Juan Basin Fruitland Coal Drilling, wikinvest (April 24, 2013, 11:14 AM EDT), http://www.wikinvest.com/stock/Mesa_Royalty_Trust_%28MTR%29/San_Juan_Basin_Fruitland_Coal_Drilling.

CBM natural gas is natural gas extracted from coal beds.   See Coalbed Methane, Wikipedia (April 23, 2013), http://en.wikipedia.org/wiki/Coalbed_methane.

[3] The Plaintiffs exclude from the FAC and SAC "any claims previously asserted in prior cases in which such claims were determined by final judgment and/or settled by final order approving settlement at the time of this filing between the parties hereto, inclusive of putative Class Members."   FAC ¶ 20, at 6; SAC ¶ 21, at 6-7.   The Plaintiffs also exclude from the proposed class definition all "interests owned by any federal, state or municipal governmental bodies, as well as any interest held in trust by the federal government for any Indian tribe or organization."   FAC ¶ 20, at 6; SAC ¶ 21, at 6-7.

do or should receive from an "arm's length" sale of the hydrocarbons.   FAC ¶ 11, at 3; SAC ¶ 12, at 3-4.   The leases give the Plaintiffs a right to royalties in the "drip condensate," a liquid product which is recovered during the Defendants' oil and gas mining processes.[4]   FAC ¶ 26, at 9; SAC ¶ 28, at 9.

The Plaintiffs allege that the Defendants have not credited the Plaintiffs with the revenue derived from the drip condensate.   See FAC ¶ 27, at 9; SAC ¶ 29, at 9-10.   Currently, the Defendants calculate the Plaintiffs' royalty interests on the sale price received from the Defendants' affiliated intermediaries for hydrocarbons from wells in which the Plaintiffs own royalty interests, mixed with hydrocarbons from other wells in which the Plaintiffs do not own royalty interests.   See FAC ¶¶ 31-32, at 10-11; SAC ¶¶ 33-34, at 11.   The Plaintiffs assert that the leases do not provide for the Defendants to calculate the Plaintiffs' royalty payments using the average sale price of a mixture of hydrocarbons from wells in which the Plaintiffs own a royalty interest and other wells in which the Plaintiffs do not own royalty interests.   See FAC ¶ 11, at 3-4; SAC ¶ 12, at 3-4.   The Defendants' affiliated intermediaries sell the hydrocarbons at a significant profit, a profit which the Plaintiffs allege that the Defendants do not pass on to the Plaintiffs.   See

_____

[4] Drip condensate is a "high-grade liquid which is sold like oil, that comes off of the production . . . ."   Transcript of Hearing at 20:10-15 (taken June 19, 2012), filed July 5, 2012 (Doc. 54)("MTD Tr.")(Brickell).   The Department of Interior has defined drip condensate as

> any condensate recovered downstream of the facility measurement point without resorting to processing.   Drip condensate includes condensate recovered as a result of its becoming a liquid during the transportation of the gas removed from the lease or recovered at the inlet of a gas processing plant by mechanical means, often referred to as scrubber condensate.

64 F.R. 43506-01.   Drip condensate is a "very valuable commodity."   MTD Tr. at 20:24-25 (Brickell).

FAC ¶ 32, at 11; SAC ¶ 33, at 11.   Additionally, the Defendants' royalty payments to the Plaintiffs have not been consistent.   On "numerous instances," the Plaintiffs complain, the Defendants have waited longer than forty-five or even ninety days after receiving revenue from the Plaintiffs' shares to pay the Plaintiffs their royalty interest.   FAC ¶¶ 55-57, at 17; SAC ¶¶ 57-60, at 16-17.

The Plaintiffs allege that the Defendants have not always disclosed to the Plaintiffs the gross volume of gas produced from the Plaintiffs' wells, the gross revenue or value which the Defendants obtain from the gross production of gas, and the extent of costs that are deducted from the Plaintiffs' royalty payments.   See FAC ¶ 36, at 12; SAC ¶ 38, at 12.   One such cost which is deducted from the Plaintiffs' royalty payments is the cost of rendering marketable the natural gas and other hydrocarbons taken from the subject wells.   See FAC ¶ 49, at 14; SAC ¶51, at 15.

## PROCEDURAL BACKGROUND

The Plaintiffs bring numerous claims against the Defendants, including "breach of contract, fraud, bad faith breach of contract, violation of the New Mexico Oil and Gas Proceeds Payment Act, unjust enrichment, and conversion."   Motion to Stay at 2.   The Defendants moved to dismiss every claim.   Defendants WPX Energy Production, LLC and WPX Energy Rocky Mountain, LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint for Underpayment of Oil and Gas Royalties, filed March 5, 2012 (Doc. 18)("MTD").   The Defendants then moved to stay discovery "until such time as the Court has determined whether Plaintiffs have pled any viable claims in their Amended Complaint."   Motion to Stay at 1.   The Defendants argue that the "lawsuit is in its initial phase" and that staying discovery would be proper so that the Court can determine whether the Plaintiffs have met their pleading requirements.   Motion to Stay at 6.

The Court has since granted in part and denied in part the Defendants' Motion to Dismiss. See Order, filed March 29, 2013 (Doc. 94); Anderson Living Trust v. ConocoPhillips Co., Nos. CIV 12-0039 & CIV 12-0040, 2013 WL 3456913, at *69 (D.N.M. June 28, 2013). The Court: (i) did not dismiss the Plaintiffs' first cause of action for the failure to pay royalty on volumes of hydrocarbons, including drip condensate; (ii) did not dismiss the Plaintiffs' second cause of action to the extent that it alleged a breach of the duty of good faith and fair dealing, but dismissed the second cause of action to the extent it asserted a claim in tort for fraud and misstatement of the value of gas and affiliate sales; (iii) dismissed the Plaintiffs' third cause of action for breach of the duty to market hydrocarbons; (iv) dismissed the Plaintiffs' fourth cause of action to the extent it asked the Court to apply Colorado's Oil and Gas Conservation Act, Colo. Rev. Stat. §§ 34-60-101 to 34-60-130, but did not dismiss Plaintiffs' allegations based on New Mexico's Proceeds Payment Act, N.M.S.A. 1978, §§ 70-10-1 to 70-10-5; (v) did not dismiss the Plaintiffs' fifth cause of action for bad faith breach of contract; (vi) dismissed the Plaintiffs' sixth cause of action for unjust enrichment and to the extent the Plaintiffs request injunctive relief, but did not dismiss the Plaintiffs' request for declaratory relief; (vii) dismissed the Plaintiffs' seventh cause of action for conversion; and (viii) did not dismiss the Plaintiffs' class-action allegations. See 2013 WL 3456913, at *69.

## RELEVANT LAW REGARDING PROTECTIVE ORDERS

"Federal district courts have broad discretion over discovery." Morales v. E.D. Etnyre & Co., 229 F.R.D. 661, 662 (D.N.M. 2005)(Browning, J.). The trial court has discretion to grant a protective order pursuant to rule 26(c) of the Federal Rules of Civil Procedure. See Morales v. E.D. Etnyre & Co., 229 F.R.D. at 663. Rule 26(c) provides that, upon a showing of good cause, a

court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which may include forbidding disclosure or discovery.   Fed. R. Civ. P. 26(c)(1)(A).   Accord Miller v. Regents of the Univ. of Colo., 188 F.3d 518, 1999 WL 506520, at *12 (10th Cir. 1999)(unpublished table decision)[5](reasoning that "[t]he district court is in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties").

"It is the party seeking the protective order who has the burden to show good cause for a protective order."   Velasquez v. Frontier Med. Inc., 229 F.R.D. 197, 200 (D.N.M. 2005)(Browning, J.).   The party seeking the protective order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)(internal quotation marks omitted).

Although rule 26(c) is silent regarding the time within which the movant must file for a protective order, the "the United States Court of Appeals for the Tenth Circuit has held that a motion under rule 26(c) for protection is timely filed if made before the date set for production. Montoya v. Sheldon, 2012 WL 2383822, at *5 (D.N.M. June 8, 2012)(citing In re Coordinated

_____

[5] Miller v. Regents of the Univ. of Colo. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."   United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).   The Court finds that Miller v. Regents of the Univ. of Colo. has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 669 F.2d 620, 622 n.2 (10th Cir. 1982))(internal quotation marks and brackets omitted).

## RELEVANT LAW REGARDING STAYS

A court has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding.   See Clinton v. Jones, 520 U.S. 681, 706 (1997)(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.   How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. N. Am. Co., 299 U.S. at 254-55.   Recognizing that district courts must exercise moderation in issuing stays, the Supreme Court of the United States has noted that there are no strict rules for the district court to apply, because "[s]uch a formula . . . is too mechanical and narrow."   Landis v. N. Am. Co., 299 U.S. at 255.

The party seeking a stay generally faces a difficult burden.   See Clinton v. Jones, 520 U.S. at 708 ("The proponent of a stay bears the burden of establishing its need."); S2 Automation LLC v. Micron Technology, Inc., No. CIV 11-0884 JB/WDS, 2012 WL 3150412, at *2 (D.N.M. July 23, 2012)(Browning, J.)(citing Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir.1983)).   "In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others."   Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d at 1484.   "The underlying principle clearly is

that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d at 1484 (quoting Klein v. Adams & Peck, 436 F.2d 337, 339 (2d Cir.1971)).

The Tenth Circuit has acknowledged a district court's discretion in issuing discovery stays. In Cole v. Ruidoso Mun. Sch., 43 F.3d 1373 (10th Cir. 1994), the defendants argued "that they had an absolute right to a stay of discovery" after they filed a motion for qualified immunity, and appealed to the Tenth Circuit because the district court imposed conditions on the stay.   43 F.3d at 1386.   The Tenth Circuit rebuffed the strict rules that the defendants suggested:

> As a general rule, discovery rulings are within the broad discretion of the trial court. The trial court's decision on discovery matters will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.

Cole v. Ruidoso Mun. Sch., 43 F.3d at 1386.

Whether to issue a discovery stay depends greatly on the facts and progress in each case. In S2 Automation LLC v. Micron Technology, Inc., the Court granted in part and denied in part the Motion to Stay Discovery, Extend Pretrial Deadlines, Vacate Trial Setting and for Protective Order.   See 2012 WL 3150412, at *1.   The Court denied the motion to the extent it requested a discovery stay, because "[u]ltimately, a stay is unnecessary."   S2 Automation LLC v. Micron Technology, Inc., 2012 WL 3150412, at *3.   The parties had made "significant progress on the disputed matters," and the Court had "issued rulings on many of the motions that Micron Technology contended needed to be resolved before the case proceeded."   S2 Automation LLC v. Micron Technology, Inc., 2012 WL 3150412, at *3.   Instead of granting the discovery stay, the Court extended deadlines that it had previously set in the case based on the case's increasing

complexity.   See S2 Automation LLC v. Micron Technology, Inc., 2012 WL 3150412, at *3.   In

Walker v. THI of N.M. at Hobbs Ctr., No. CIV 09-0060 JB/KBM, 2011 WL 2728326 (D.N.M.

June 28, 2011)(Browning, J.), the Court evaluated whether to stay deposition discovery until thirty

days after it ruled on the motions to dismiss two of the defendants, which would determine

whether those defendants would remain in the suit and participate in discovery.   See 2011

WL2728326, at *1.   The plaintiffs argued that the Court had already extended discovery

deadlines and that issuing a stay would require rescheduling deadlines.   See Walker v. THI of

N.M. at Hobbs Ctr., 2011 WL2728326, at *1.   The Court denied the motion to stay, because it did

"not see a benefit to staying discovery."   Walker v. THI of N.M. at Hobbs Ctr., 2011 WL2728326,

at *2.   The Court noted that counsel for the two defendants who were subject to the motions to

dismiss had already indicated that they would not participate in deposition discovery.   See Walker

v. THI of N.M. at Hobbs Ctr., 2011 WL2728326, at *2.   "There is thus no benefit to staying

deposition discovery, and staying deposition discovery would further delay the case."   Walker v.

THI of N.M. at Hobbs Ctr., 2011 WL2728326, at *2.

## ANALYSIS

The Defendants ask the Court to stay discovery "until such time as the Court has

determined whether Plaintiffs have pled any viable claims in their Amended Complaint."   Motion

to Stay at 1.   While the Court dismissed some of the Plaintiffs' claims, the Court did not dismiss

all of them.   See Anderson Living Trust v. ConocoPhillips Co., 2013 WL 3456913, at *69.

Regarding the claims that the Court did not dismiss, the Plaintiffs met their burden of pleading to

overcome the Defendants' challenges in the Motion to Dismiss.   Accordingly, the Defendants'

objections to discovery are now moot.   Discovery is proper for the claims the Court did not

dismiss, and the parties may engage in discovery on "any nonprivileged matter that is relevant to any party's claim or defense."   Fed. R. Civ. P. 26(b)(1).

      **IT IS ORDERED** that the Defendants' Motion to Stay Discovery, filed March 27, 2012 (Doc. 25), is denied.

                                      _____

                                      UNITED STATES DISTRICT JUDGE

*Counsel:*

Karen Aubrey
Law Office of Karen Aubrey
Santa Fe, New Mexico

--and--

Brian K. Branch
The Law Office of Brian K. Branch
Albuquerque, New Mexico

--and--

Turner W. Branch
Cynthia Zedalis
Branch Law Firm
Albuquerque, New Mexico

--and--

Bradley D. Brickell
Brickell & Associates, P.C.
Norman, Oklahoma

     *Attorneys for the Plaintiffs Anderson Living Trust, Pritchett Living Trust,*
        *Cynthia W. Sadler and Robert Westfall*

Bradford C. Berge
Robert J. Sutphin
Holland & Hart LLP
Santa Fe, New Mexico

*Attorneys for the Defendants Williams Production Company, LLC and
Williams Production RMT Company, LLC*