IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE ANDERSON LIVING TRUST
f/k/a THE JAMES H. ANDERSON
LIVING TRUST, THE PRICHETT
LIVING TRUST, CYNTHIA W.
SADLER, and ROBERT WESTFALL,

      Plaintiffs,

vs.                                                                                   No. CIV 12-0040 JB/KBM

WPX ENERGY PRODUCTION, LLC f/k/a
WPX ENERGY SAN JUAN, LLC and
WILLIAMS PRODUCTION COMPANY, LLC,
and WPX ENERGY ROCKY MOUNTAIN,
LLC, f/k/a WILLIAMS PRODUCTION
RMT COMPANY, LLC,

      Defendants,

and

STEVEN J. ABRAHAM, and
H LIMITED PARTNERSHIP
on behalf of themselves and others
similarly situated,

      Plaintiffs,

vs.                                                                                 No. CIV 12-0917 JB/ACT

WPX ENERGY PRODUCTION, LLC,
f/k/a WILLIAMS PRODUCTION COMPANY,
LLC, WILLIAMS FOUR CORNERS, LLC,
and WILLIAMS ENERGY RESOURCES, LLC,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on: (i) the Defendants' Expedited Motion for an

Order Setting a Joint Scheduling Conference in this Case with the Related Abraham Case, filed

June 18, 2013 (Case No. CIV 12-0040 Doc. 103)("Anderson Expedited Motion"); and (ii) the Defendants' Expedited Motion to Conduct a Joint Scheduling Conference in this Case and in the Related Anderson Living Trust Matter, filed June 18, 2013 (Case No. CIV 12-0917 Doc. 45)("Abraham Expedited Motion").  The primary issue is whether the Court should set a joint scheduling conference for the two separate, unconsolidated cases of The Anderson Living Trust v. WPX Energy Prod., LLC, No. CIV 12-0040 JB/KBM (D.N.M. filed December 5, 2011, removed January 12, 2012)("Anderson"), and Abraham v. WPX Energy Prod., LLC, No. CIV 12-0917 JB/ACT (D.N.M. filed August 28, 2012)("Abraham").  The Court will deny the Anderson Expedited Motion and the Abraham Expedited Motion.  The Plaintiffs in the Anderson and Abraham cases do not agree to consolidate the cases for a scheduling conference, and the Court will not force consolidation at this time.

## FACTUAL BACKGROUND

The Anderson case and the Abraham case arise from overlapping, although not identical, disputes over alleged unpaid royalty payments.  The Plaintiffs in Anderson "each own a non-cost bearing interest in the revenues derived from the production and sale of hydrocarbons pursuant to the terms of oil and gas leases owned or partially owned by Williams."  Third Amended Complaint for Underpayment of Oil and Gas Royalties ¶ 14, at 4, filed February 8, 2013 (Case No. CIV 12-0040 Doc. 88)("Anderson TAC").  The putative class in Anderson includes

> all other owners of 'non-cost bearing' interests in the subject wells, i.e. those who are similarly situated as owning royalty or overriding royalty in said wells, located in the States of New Mexico and Colorado, which involve the production of either conventional natural gas or CBM gas (in Colorado), as well as other hydrocarbons, in which Williams owns all or a portion of the leasehold or working interest in the oil and gas lease(s) covering said owners' interests, and produces and sells hydrocarbons under the terms of said leases . . . .

Anderson TAC ¶ 17, at 5.  The Plaintiffs in Abraham bring their action as a class action "on their

behalf and on behalf of all current and former owners of Royalty burdening San Juan Basin oil and gas leases and wells now or formerly owned by WPX and its corporate predecessors that are or have been productive of conventional natural gas in the San Juan Basin." Third Amended Complaint ¶ 15, at 6, filed October 29, 2012 (Case No. CIV 12-0917 Doc. 15)("Abraham TAC").

There is overlap in the two cases regarding the Defendants. In both cases, WPX Energy Production, LLC, f/k/a Williams Production Company, LLC, is a named defendant. See Anderson TAC ¶ 9, at 2-3; Abraham TAC ¶ 3, at 2. In Anderson, an additional defendant is WPX Energy Rocky Mountain, LLC, f/k/a Williams Production RMT Company, LLC. See Anderson TAC ¶ 10, at 3. In Abraham, the two additional defendants are Williams Four Corners, LLC, and Williams Energy Resources, LLC. See Abraham TAC ¶¶ 4-5, at 2-3. The attorneys for the Defendants in Anderson also represent the Defendants in Abraham.

The claims in the two cases are similar, but not identical. Abraham involves disputes over conventional gas production, see Abraham TAC ¶ 13, at 5, while Anderson includes conventional gas production and coalbed methane production, see Anderson TAC ¶ 13, at 3. The Plaintiffs in both cases assert breach of contract, see Anderson TAC ¶¶ 66-70, at 19-20; Abraham TAC ¶¶ 58-61, at 17-18; breach of good faith and fair dealing, see Anderson TAC ¶¶ 41,42, 44, at 13-14, ¶ 67, at 19; Abraham TAC ¶¶ 62-65, at 18-19; breach of the duty to market, see Anderson TAC ¶¶ 47-59, at 15-17; Abraham TAC ¶¶ 70-79, at 20-22; and violations of the New Mexico Oil and Gas Proceeds Payment Act, N.M.S.A. 1978, §§ 70-10-1 to 70-10-5, see Anderson TAC ¶¶ 60-65, at 18-19; Abraham TAC ¶¶ 86-88, at 23. The Abraham case alleges unjust enrichment claims against Williams Four Corners and Williams Energy Resources. See Abraham TAC ¶¶ 66-69, at 19. The Anderson case lists, as a separate cause of action, fraud and misstatement of

the value of gas and affiliate sales, see Anderson TAC ¶¶ 35-46, at 12-15, while the Abraham case lists fraudulent concealment as a reason to toll the statute of limitations, see Abraham TAC ¶¶ 55-57, at 16-17.

## PROCEDURAL BACKGROUND

At a hearing in Abraham on May 1, 2013, on the Defendants' Motion for an Extension of Deadline to Respond to Plaintiffs' Motion for Class Certification, filed January 28, 2013 (Case No. CIV 12-0917 Doc. 34), the Court acknowledged the potential for consolidation of, or at least joint hearings in, Anderson and Abraham. See Transcript of Hearing (taken May 1, 2013), at 17:19-20, filed October 10, 2013 (Case No. CIV 12-0917 Doc. 84)(Court)("I'm not saying we consolidate the cases, although I'm open to that . . . ."). On June 18, 2013, the Defendants filed the Anderson Expedited Motion and the Abraham Expedited Motion. The substance of the motions was identical. The Defendants request a joint pretrial scheduling conference under rule 16 of the Federal Rules of Civil Procedure to "(1) expedit[e] disposition of the action, (2) establish[] early and continuing control so that the case will not be protracted because of lack of management, (3) discourage[] wasteful pretrial activities, (4) improve[] the quality of the trial through more thorough preparation; and (5) facilitate[e] settlement." Anderson Expedited Motion ¶ 10, at 3; Abraham Expedited Motion ¶ 10, at 3. The Defendants state that the joint scheduling conference would require the two sets of Plaintiffs' counsel to confer with the Defendants' counsel "regarding consolidation generally, and more specifically, a mutually-agreed approach to discovery, class certification briefing, and the class certification motion hearing." Anderson Expedited Motion ¶ 11, at 3; Abraham Expedited Motion ¶ 11, at 3. The Defendants contend that this conference "would also expedite the disposition of both cases, and discourage wasteful separate, but parallel

pretrial activities, resulting in duplicate discovery, briefing and hearings for two cases which the Court has acknowledged could proceed together." Anderson Expedited Motion ¶ 11, at 3; Abraham Expedited Motion ¶ 11, at 3.

The Anderson Plaintiffs oppose the Anderson Expedited Motion, because, at the time they filed their response, the Court had not issued its Opinion regarding the Defendants WPX Energy Production, LLC and WPX Energy Rocky Mountain, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint for Underpayment of Oil and Gas Royalties, filed March 5, 2012 (Case No. CIV 12-0040 Doc. 18)("MTD"). Plaintiffs' Response to Defendants' Expedited Motion for an Order Setting a Joint Scheduling Conference in this Case with the Related Abraham Case at 1, filed June 21, 2013 (Case No. CIV-12-0040 Doc. 104)("Anderson Response"). "The reality is that none of the goals of Rule 16 will be accomplished by attempting to have a scheduling conference where the parties do not know what claims are before the Court." Anderson Response at 2. Further, the Anderson Plaintiffs indicate that they will not be available for the scheduling conference set in the Abraham case for July 5, 2013. See Anderson Response at 2. In the Abraham case, the Abraham Plaintiffs do not have any objection to including the Anderson Plaintiffs' counsel at the July 5 scheduling conference. See Plaintiffs' Response to Defendants' Expedited Motion to Conduct a Joint Scheduling Conference in this Case and in the Related Anderson Living Trust Matter, ¶ 5, at 2, filed June 19, 2013 (Case No. CIV 12-0917 Doc. 46)("Abraham Response"). The Abraham Plaintiffs oppose, however, any delay in their case based on the Anderson Plaintiffs' unavailability. See Abraham Response ¶ 4, at 2. They say that, because the cases have thus far proceeded separately, the cases should continue to move forward simultaneously without delaying either case. See Abraham Response at ¶¶ 2-3, at 1-2.

In the Anderson case, the Defendants reply that, "once the Court issues an Order regarding the Motion to Dismiss," the Plaintiffs "provide no argument against a joint scheduling conference." Defendants' Reply in Support of Expedited Motion for an Order Setting a Joint Scheduling Conference in this Case with the Related Abraham Case ¶ 1, at 1, filed June 27, 2013 (Case No. CIV 12-0040 Doc. 106)("Anderson Reply"). The Defendants argue that it would "waste time and resources" to hold the July 5, 2013, scheduling conference in the Abraham case without the Anderson Plaintiffs, because "the scheduling order entered in this case would need to be completely re-done if the two cases are subsequently consolidated." Anderson Reply ¶ 2, at 2. The Defendants suggest setting a scheduling conference when all the parties in both cases can attend. See Anderson Reply ¶ 3, at 2. In the Abraham case, the Defendants repeated the arguments it made in the Anderson Reply and added that "Plaintiffs' concern of potential delay is unfounded." Reply in Support of Defendants' Expedited Motion to Conduct a Joint Scheduling Conference in this Case and in the Related Matter Anderson Living Trust Matter ¶ 3, at 2, filed June 26, 2013 (Case No. CIV 12-0917 Doc. 49)("Abraham Reply"). The Defendants maintain that a joint scheduling conference will "address the practicalities and efficiencies of consolidation, as well as any concern or issues regarding potential delay, at the same time." Abraham Reply ¶ 3, at 2. In both replies, the Defendants urge the Court to set a joint scheduling conference before setting a separate scheduling order in Abraham, because "once discovery commences in one of the cases, the arguments against consolidation are magnified." Anderson Reply ¶ 3, at 2; Abraham Reply ¶ 4, at 2.

The Court held a hearing on June 28, 2013. Before the hearing, the Court issued its Memorandum Opinion in the Anderson case regarding the MTD. See Memorandum Opinion,

filed June 28, 2013 (Case No. CIV 12-0040 Doc. 108)("Opinion"). At the hearing, the Court indicated that it would set a joint scheduling conference if the Plaintiffs in the two cases agreed to do so, but that it would not force the parties to coordinate efforts. See Transcript of Hearing at 65:17-6:5 (taken June 28, 2013)("Tr.")(Court).[1] The Court said that it did not see a great burden on the Defendants to continue litigating two separate cases. See Tr. at 6:3-5 (Court). Based on the timing of the Opinion issued in the Anderson case, the Court also said that it may be appropriate to deny the Expedited Motions, move forward with the Abraham scheduling conference, and then reconsider the issue of consolidating cases after the parties have had more time to review the Court's Opinion. See Tr. at 6:6-18 (Court).

The Defendants stated that, while they had attempted to meet with both sets of Plaintiffs' counsel to discuss consolidation, they had not had the opportunity to do so yet, and so were unsure of the various parties' positions. See Tr. at 7:14-23 (Sutphin). Before the Court allows one case to proceed before the other, the Defendants requested "the opportunity first to discuss this among ourselves, and second, brief it if we can't reach agreement." Tr. at 9:4-7 (Sutphin). The Defendants asked the Court to vacate the July 5 hearing, allow the parties to review the Court's Opinion in further detail, and then discuss possible consolidation. See Tr. at 10:10-16. The Defendants also noted that the cases are appropriate for consolidation, because "[t]hey are both royalty under payment lawsuits. Both will require the examination of our royalty payment [] obligations and practices . . . and comparing those practices . . . against the contracts. Discovery will largely be the same, if not identically the same." Tr. at 8:16-22 (Sutphin). The Defendants

―――――――――――

[1] The Court's citations to the transcript from the June 28, 2013 hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

argued that the overlap in the cases justified deciding the consolidation issue at the beginning rather than "partially through a pretrial activity or at the end of it." Tr. at 9:18-20 (Sutphin).

The Anderson Plaintiffs' counsel said that they had met with the Abraham Plaintiffs' counsel, but they had not reached an agreement yet that they were willing to present to the Defendants. See Tr. at 12:4-12 (Brickell). The Anderson Plaintiffs indicated their agreement with the Court's proposal to go forward with the cases as separate with the idea that, sometime in the future, the parties could discuss again whether they could consolidate the cases or combine work on related issues, such as discovery matters. See Tr. at 12:14-19 (Brickell).

The Abraham Plaintiffs echoed the Anderson Plaintiffs' point -- that, while the two sets of Plaintiffs' counsel have had "preliminary discussions," they "intend to talk more." Tr. at 13:23-25 (Condon). The Abraham Plaintiffs expressed their concern that the Expedited Motion mainly affected the timing in their case, because it would require vacating the July 5, 2013, scheduling conference. See Tr. at 13:2-6 (Condon). The Abraham Plaintiffs argued that there was no reason to reschedule their scheduling conference, because consolidation could occur later. See Tr. at 13:6-10 (Condon). "Our case has been pending since August of 2012, and we believe we're entitled to begin the discovery process with initial disclosures at a minimum, get a joint status report and a discovery plan to the Court and start this case moving down the track." Tr. at 13:20-24 (Condon).

The Defendants replied that, while they attempted to work with the two sets of Plaintiffs' counsel to come to an agreement, they "were waiting for that discussion to take place" and were "concerned that it's not going to take place." Tr. at 15:14-16 (Sutphin). The Defendants argued that it would be better to address the issues "up-front before too much duplicative work potentially

has been done." Tr. at 15:20-22 (Sutphin).

The Court said that it sounded like the Plaintiffs' counsel were trying to work together, but needed more time to discuss whether the Court could fully or partially consolidate the cases. See Tr. at 16:6-15 (Court). The Court said that it did not want to force the cases to go forward together at this point, and so would deny the Expedited Motions in both cases. See Tr. at 16:16-19 (Court). It would also not vacate the Abraham scheduling conference set for July 5, 2013. See Tr. at 16:22-23 (Court).

## **ANALYSIS**

At the June 28, 2013 hearing, the Court orally ruled on the Defendants' motions. The Court now enters this written opinion and order memorializing those rulings. For the reasons stated on the record, the Court denies the Anderson Expedited Motion and the Abraham Expedited Motion. The Court has broad discretion in managing discovery issues. See Res. Assocs. Grant Writing and Evaluation Servs., LLC v. Maberry, No. CIV 08-0552 JB/LAM, 2009 WL 1312951, at *3 (D.N.M. February 5, 2009)(Browning, J.)(noting that the Supreme Court of the United States, the United States Court of Appeals for the Tenth Circuit, and this Court have recognized that federal district courts have broad discretion over discovery). The Court will not force the two separate cases to move forward together in a joint scheduling conference at this time. The Court is inclined not to override -- at least at this time, early in the case -- the Plaintiffs' and their counsels' desire to keep their cases separate. There are enough differences in the two cases to justify keeping them separate, and there is no overriding benefit to the Court or to the parties to consolidate them now. The Court leaves open, however, the possibility of consolidating all or part of the cases at a later date.

**IT IS ORDERED** that: (i) the Defendants' Expedited Motion for an Order Setting a Joint Scheduling Conference in this Case with the Related <u>Abraham</u> Case, filed June 18, 2013 (Case No. CIV 12-0040 Doc. 103), is denied; and (ii) the Defendants' Expedited Motion to Conduct a Joint Scheduling Conference in this Case and in the Related <u>Anderson Living Trust</u> Matter, filed June 18, 2013 (Case No. CIV 12-00917 Doc. 45), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Karen Aubrey
Law Office of Karen Aubrey
Santa Fe, New Mexico

--and--

Brian K. Branch
The Law Office of Brian K. Branch
Albuquerque, New Mexico

--and--

Turner W. Branch
Cynthia Zedalis
Branch Law Firm
Albuquerque, New Mexico

--and--

Bradley D. Brickell
Brickell & Associates, P.C.
Norman, Oklahoma

    *Attorneys for the Plaintiffs Anderson Living Trust, Pritchett Living Trust,*
      *Cynthia W. Sadler, and Robert Westfall*

Jake Eugene Gallegos
Michael J. Condon
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

    *Attorneys for the Plaintiffs Steven J. Abraham and H Limited Partnership*

Sarah Gillett
Hall Estill Hardwick PC
Tulsa, Oklahoma

--and--

Bradford C. Berge
Robert J. Sutphin
Elisa C. Dimas
Holland & Hart LLP
Santa Fe, New Mexico

    *Attorneys for the Defendants WPX Energy Production, LLC, WPX Energy Rocky Mountain LLC, Williams Four Corners, LLC, and Williams Energy Resources, LLC*