# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THE ANDERSON LIVING TRUST f/k/a THE
JAMES H. ANDERSON        LIVING TRUST;
THE PRICHETT LIVING TRUST; CYNTHIA
W. SADLER; ROBERT WESTFALL; SWMF
PROPERTIES, INC.; LEE WILEY
MONCRIEF 1988 TRUST; MINNIE PATTON
SCHOLARSHIP FOUNDATION TRUST and
KELLY COX TESTAMENTARY TRUST,

          Plaintiffs,

vs.                                                                                     No. CIV 12-0040 JB/LFG

WPX ENERGY PRODUCTION, LLC f/k/a
WPX ENERGY SAN JUAN, LLC; WILLIAMS
PRODUCTION COMPANY, LLC and WPX
ENERGY ROCKY MOUNTAIN, LLC, f/k/a
WILLIAMS PRODUCTION RMT
COMPANY, LLC,

          Defendants.

and

STEVEN J. ABRAHAM, and H LIMITED
PARTNERSHIP on behalf of themselves and
others similarly situated,

          Plaintiffs,

vs.                                                                                     No. CIV 12-0917 JB/ACT

WPX ENERGY PRODUCTION, LLC, f/k/a
WILLIAMS PRODUCTION COMPANY,
LLC; WILLIAMS FOUR CORNERS, LLC and
WILLIAMS ENERGY RESOURCES, LLC,

          Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendants' Motion to Consolidate, filed October 8, 2013, in <u>Anderson Living Trust v. WPX Energy Production, LLC</u>, No. CIV 12-0040 JB/LFG ("<u>Anderson</u>")(Doc. 134); and (ii) the identical Defendants' Motion to Consolidate, filed October 9, 2013, in <u>Abraham v. WPX Energy Production LLC</u>, No. CIV 12-0917 JB/ACT ("<u>Abraham</u>")(Doc. 83)(collectively, the "Motions to Consolidate").  The Court held a hearing on February 21, 2014.   The primary issue is whether to consolidate <u>Anderson</u> and <u>Abraham</u> pursuant to rule 42(a) of the Federal Rules of Civil Procedure for the purposes of discovery and class certification.  Because the Court concludes that consolidation would produce only minor efficiencies, and the Defendants carry the burden of proof in seeking to upturn the default rules that the Plaintiffs are masters of their complaint and that earlier-filed cases receive priority over later-filed cases, the Court denies the Motions to Consolidate, and will manage the cases separately for the purposes of discovery and class certification.

## FACTUAL BACKGROUND

<u>Anderson</u> and <u>Abraham</u> arise from overlapping, although not identical, disputes over alleged unpaid royalty payments.   The Plaintiffs in <u>Anderson</u> "each own a non-cost bearing interest in the revenues derived from the production and sale of hydrocarbons pursuant to the terms of oil and gas leases owned or partially owned by Williams."  Third Amended Complaint for Underpayment of Oil and Gas Royalties ¶ 14, at 4, filed February 8, 2013 in <u>Anderson</u> (Doc. 88)("<u>Anderson</u> TAC").  The putative class in <u>Anderson</u> includes

> all other owners of 'non-cost bearing' interests in the subject wells, i.e. those who are similarly situated as owning royalty or overriding royalty in said wells, located in the States of New Mexico and Colorado, which involve the production of either conventional natural gas or CBM gas (in Colorado), as well as other hydrocarbons, in which Williams owns all or a portion of the leasehold or

working interest in the oil and gas lease(s) covering said owners' interests, and produces and sells hydrocarbons under the terms of said leases . . . .

Anderson TAC ¶ 17, at 5. The Plaintiffs in Abraham bring their action as a class action "on their behalf and on behalf of all current and former owners of Royalty burdening San Juan Basin oil and gas leases and wells now or formerly owned by WPX and its corporate predecessors that are or have been productive of conventional natural gas in the San Juan Basin." Third Amended Complaint ¶ 15, at 6, filed October 29, 2012 in Abraham (Doc. 15)("Abraham TAC").

## PROCEDURAL BACKGROUND

There is overlap in the two cases regarding the Defendants. In both cases, WPX Energy Production, LLC, f/k/a Williams Production Company, LLC, is a named defendant. See Anderson TAC ¶ 9, at 2-3; Abraham TAC ¶ 3, at 2. In Anderson, an additional defendant is WPX Energy Rocky Mountain, LLC, f/k/a Williams Production RMT Company, LLC. See Anderson TAC ¶ 10, at 3. In Abraham, the two additional defendants are Williams Four Corners, LLC, and Williams Energy Resources, LLC. See Abraham TAC ¶¶ 4-5, at 2-3. The attorneys for the Defendants in Anderson also represent the Defendants in Abraham.

The claims in the two cases are similar, but not identical. Abraham involves disputes over conventional gas production, see Abraham TAC ¶ 13, at 5, while Anderson includes conventional gas production and coalbed methane production, see Anderson TAC ¶ 13, at 3. The Plaintiffs in both cases assert breach of contract, see Anderson TAC ¶¶ 66-70, at 19-20; Abraham TAC ¶¶ 58-61, at 17-18; breach of good faith and fair dealing, see Anderson TAC ¶¶ 41, 42, 44, at 13-14; id. ¶ 67, at 19; Abraham TAC ¶¶ 62-65, at 18-19; breach of the duty to market, see Anderson TAC ¶¶ 47-59, at 15-17; Abraham TAC ¶¶ 70-79, at 20-22; and violations of the New Mexico Oil and Gas Proceeds Payment Act, N.M. Stat. Ann. 1978, §§ 70-10-1 to -5, see Anderson TAC ¶¶ 60-65, at 18-19; Abraham TAC ¶¶ 86-88, at 23. The Abraham Plaintiffs

allege unjust enrichment claims against Williams Four Corners and Williams Energy Resources. See Abraham TAC ¶¶ 66-69, at 19.  The Anderson Plaintiffs list, as a separate cause of action, fraud and misstatement of the value of gas and affiliate sales, see Anderson TAC ¶¶ 35-46, at 12-15, while the Abraham case lists fraudulent concealment as a reason to toll the statute of limitations, see Abraham TAC ¶¶ 55-57, at 16-17.

At a hearing in Abraham on May 1, 2013, on the Defendants' Motion for an Extension of Deadline to Respond to Plaintiffs' Motion for Class Certification, filed January 28, 2013 in Abraham (Doc. 34), the Court acknowledged the potential to consolidate, or at least hold joint hearings in, Anderson and Abraham.  See Transcript of Hearing at 17:19-20 (Court), taken May 1, 2013, filed October 10, 2013 in Abraham (Doc. 84)("I'm not saying we consolidate the cases, although I'm open to that . . . .").  On June 18, 2013, the Defendants filed motions in both cases seeking to conduct one joint scheduling conference for both cases.  See Defendants' Expedited Motion for an Order Setting a Joint Scheduling Conference in This Case with the Related Abraham Case, filed June 18, 2013 in Anderson (Doc. 103)("Anderson JSC Motion"); Defendants' Expedited Motion to Conduct a Joint Scheduling Conference in This Case and in the Related Anderson Living Trust Matter, filed June 18, 2013 in Abraham (Doc. 45)("Abraham JSC Motion").  The two motions were substantively identical.  The Defendants requested a joint pretrial scheduling conference under rule 16 of the Federal Rules of Civil Procedure to "(1) expedit[e] disposition of the action, (2) establish[] early and continuing control so that the case will not be protracted because of lack of management, (3) discourag[e] wasteful pretrial activities, (4) improv[e] the quality of the trial through more thorough preparation; and (5) facilitat[e] settlement."  Anderson JSC Motion ¶ 10, at 3; Abraham JSC Motion ¶ 10, at 3.  The Defendants stated that the joint scheduling conference would require the two sets of Plaintiffs'

- 4 -

counsel to confer with the Defendants' counsel "regarding consolidation generally, and more specifically, a mutually-agreed approach to discovery, class certification briefing, and the class certification motion hearing." Anderson JSC Motion ¶ 11, at 3; Abraham JSC Motion ¶ 11, at 3. The Defendants contended that this conference "would also expedite the disposition of both cases, and discourage wasteful separate, but parallel pretrial activities, resulting in duplicate discovery, briefing and hearings for two cases which the Court has acknowledged could proceed together." Anderson JSC Motion ¶ 11, at 3; Abraham JSC Motion ¶ 11, at 3.

The Anderson Plaintiffs opposed the Anderson JSC Motion, because, at the time they filed their response, the Court had not issued its Memorandum Opinion regarding the Defendants WPX Energy Production, LLC and WPX Energy Rocky Mountain, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint for Underpayment of Oil and Gas Royalties, filed March 5, 2012 in Anderson (Doc. 18)("MTD"). See Plaintiffs' Response to Defendants' Expedited Motion for an Order Setting a Joint Scheduling Conference in this Case with the Related Abraham Case at 1, filed June 21, 2013 in Anderson (Doc. 104)("Anderson JSC Response"). "The reality is that none of the goals of Rule 16 will be accomplished by attempting to have a scheduling conference where the parties do not know what claims are before the Court." Anderson JSC Response at 2. Further, the Anderson Plaintiffs indicated that they would not be available for the scheduling conference set in the Abraham case for July 5, 2013. See Anderson JSC Response at 2. In the Abraham case, the Abraham Plaintiffs did not object to including the Anderson Plaintiffs' counsel at the July 5, 2013, scheduling conference. See Plaintiffs' Response to Defendants' Expedited Motion to Conduct a Joint Scheduling Conference in this Case and in the Related Anderson Living Trust Matter, ¶ 5, at 2, filed June 19, 2013 in Abraham (Doc. 46)("Abraham JSC Response"). The Abraham Plaintiffs opposed, however, any delay in

- 5 -

their case based on the <u>Anderson</u> Plaintiffs' unavailability.  <u>See</u> <u>Abraham</u> JSC Response ¶ 4, at 2.
They said that, because the cases have thus far proceeded separately, the cases should continue to
move forward simultaneously without delaying either case.  <u>See</u> <u>Abraham</u> JSC Response at ¶¶ 2-
3, at 1-2.

In <u>Anderson</u>, the Defendants replied that, "once the Court issues an Order regarding the
Motion to Dismiss," the Plaintiffs "provide no argument against a joint scheduling conference."
Defendants' Reply in Support of Expedited Motion for an Order Setting a Joint Scheduling
Conference in this Case with the Related Abraham Case ¶ 1, at 1, filed June 27, 2013 in
<u>Anderson</u> (Doc. 106)("<u>Anderson</u> JSC Reply").  The Defendants argued that it would "waste time
and resources" to hold the July 5, 2013, scheduling conference in the <u>Abraham</u> case without the
<u>Anderson</u> Plaintiffs, because "the scheduling order entered in this case would need to be
completely re-done if the two cases are subsequently consolidated."  <u>Anderson</u> JSC Reply ¶ 2, at
2.  The Defendants suggested setting a scheduling conference when all the parties in both cases
could attend.  <u>See</u> <u>Anderson</u> JSC Reply ¶ 3, at 2.  In the <u>Abraham</u> case, the Defendants repeated
the arguments they made in the <u>Anderson</u> JSC Reply and added that the "Plaintiffs' concern of
potential delay is unfounded."  Reply in Support of Defendants' Expedited Motion to Conduct a
Joint Scheduling Conference in this Case and in the Related Matter Anderson Living Trust
Matter ¶ 3, at 2, filed June 26, 2013 in <u>Abraham</u> (Doc. 49)("<u>Abraham</u> JSC Reply").  The
Defendants maintained that a joint scheduling conference would "address the practicalities and
efficiencies of consolidation, as well as any concern or issues regarding potential delay, at the
same time."  <u>Abraham</u> JSC Reply ¶ 3, at 2.  In both replies, the Defendants urged the Court to set
a joint scheduling conference before setting a separate scheduling order in <u>Abraham</u>, because,

"once discovery commences in one of the cases, the arguments against consolidation are magnified." Anderson JSC Reply ¶ 3, at 2; Abraham JSC Reply ¶ 4, at 2.

The Court held a hearing on the motions to set a joint scheduling conference on June 28, 2013. Before the hearing, the Court issued its Memorandum Opinion in the Anderson case regarding the MTD. See Memorandum Opinion, filed June 28, 2013 in Anderson (Doc. 108)("MTD Opinion"). At the hearing, the Court indicated that it would set a joint scheduling conference if the Plaintiffs in the two cases agreed to do so, but that it would not force the parties to coordinate efforts. Transcript of Hearing at 65:17-6:5 (Court), taken June 28, 2013 ("2013 Tr.").[1] The Court said that it did not see a great burden on the Defendants to continue litigating two separate cases. See 2013 Tr. at 6:3-5 (Court). Based on the timing of the MTD Opinion issued in Anderson, the Court also said that it may be appropriate to deny the motions for a joint scheduling conference, move forward with the Abraham scheduling conference, and then reconsider the issue of consolidating cases after the parties have had more time to review the Court's MTD Opinion. See 2013 Tr. at 6:6-18 (Court).

The Defendants stated that, while they had attempted to meet with both sets of Plaintiffs' counsel to discuss consolidation, they had not had the opportunity to do so yet and so were unsure of the various parties' positions. See 2013 Tr. at 7:14-23 (Sutphin). Before the Court allows one case to proceed before the other, the Defendants requested "the opportunity first to discuss this among ourselves, and second, brief it if we can't reach agreement." 2013 Tr. at 9:4-7 (Sutphin). The Defendants asked the Court to vacate the July 5, 2013, hearing, allow the parties to review the Court's MTD Opinion in further detail, and then discuss possible

---

[1] The Court's citations to the transcripts of the hearings refer to the court reporter's original, unedited versions. Any final transcripts may contain slightly different page and/or line numbers.

consolidation.  See 2013 Tr. at 10:10-16 (Sutphin).  The Defendants also noted that the cases are appropriate for consolidation, because "[t]hey are both royalty under payment lawsuits.  Both will require the examination of our royalty payment [] obligations and practices . . . and comparing those practices . . . against the contracts.  Discovery will largely be the same, if not identically the same."  2013 Tr. at 8:16-22 (Sutphin).  The Defendants argued that the overlap in the cases justified deciding the consolidation issue at the beginning rather than "partially through a pretrial activity or at the end of it."  2013 Tr. at 9:18-20 (Sutphin).

The Anderson Plaintiffs' counsel said that they had met with the Abraham Plaintiffs' counsel, but they had not yet agreed to present to the Defendants.  See 2013 Tr. at 12:4-12 (Brickell).  The Anderson Plaintiffs indicated their agreement with the Court's proposal to go forward with the cases as separate with the idea that, sometime in the future, the parties could discuss again whether they could consolidate the cases or combine work on related issues, such as discovery matters.  See 2013 Tr. at 12:14-19 (Brickell).

The Abraham Plaintiffs echoed the Anderson Plaintiffs' point -- that, while the two sets of Plaintiffs' counsel have had "preliminary discussions," they "intend to talk more."  2013 Tr. at 13:23-25 (Condon).  The Abraham Plaintiffs expressed their concern that the motions for a joint scheduling conference mainly affected the timing in their case, because granting them would require vacating the July 5, 2013, scheduling conference.  See 2013 Tr. at 13:2-6 (Condon).  The Abraham Plaintiffs argued that there was no reason to reschedule their scheduling conference, because consolidation could occur later.  See 2013 Tr. at 13:6-10 (Condon).  The Abraham Plaintiffs argued: "Our case has been pending since August of 2012, and we believe we're entitled to begin the discovery process with initial disclosures at a minimum, get a joint status

report and a discovery plan to the Court and start this case moving down the track."  2013 Tr. at
13:20-24 (Condon).

The Defendants replied that, while they attempted to work with the two sets of Plaintiffs'
counsel to come to an agreement, they "were waiting for that discussion to take place" and were
"concerned that it's not going to take place."  2013 Tr. at 15:14-16 (Sutphin).  The Defendants
argued that it would be better to address the issues "up-front before too much duplicative work
potentially has been done."  2013 Tr. at 15:20-22 (Sutphin).

The Court said that it sounded like the Plaintiffs' counsel were trying to work together,
but needed more time to discuss whether the Court could fully or partially consolidate the cases.
See 2013 Tr. at 16:6-15 (Court).  The Court said that it did not want to force the cases to go
forward together at that point and so would deny the motions for a joint scheduling conference in
both cases.  See 2013 Tr. at 16:16-19 (Court).  It would also not vacate the Abraham scheduling
conference set for July 5, 2013.  See 2013 Tr. at 16:22-23 (Court).

The Court issued an opinion denying the motions for a joint scheduling conference "[f]or
the reasons stated on the record."  Memorandum Opinion and Order at 9, filed October 18, 2013
in Anderson (Doc. 144) and Abraham (Doc. 93)("JSC MOO").  The Court stated that it would

> not force the two separate cases to move forward together in a joint scheduling
> conference at this time.  The Court is inclined not to override -- at least at this
> time, early in the case -- the Plaintiffs' and their counsels' desire to keep their
> cases separate.  There are enough differences in the two cases to justify keeping
> them separate, and there is no overriding benefit to the Court or to the parties to
> consolidate them now.  The court leaves open, however, the possibility of
> consolidating all or part of the cases at a later date.

JSC MOO at 9.

After the hearing where the Court stated that it would deny the motion for a joint
scheduling conference, but ten days before the Court filed the JSC MOO, the Defendants filed
their Motions to Consolidate.  The Defendants "move to consolidate these cases through

discovery and class certification, and suggest that the Court determine thereafter whether a consolidated trial or separate trials would be most appropriate."  Motions to Consolidate at 1. The Defendants allege a number of common questions of law and fact: (i) "both complaints assert breach of contract" where "[t]he contracts at issue in both cases are the leases and assignments that grant the defendant WPX the right to explore for and produce hydrocarbons in the San Juan Basin"; (ii) "[b]oth actions claim that Defendants wrongfully deducted post-production costs"; (iii) "[b]oth actions allege Defendant WPX failed to disclose its post-production deductions on monthly royalty statements, constituting fraudulent concealment"; (iv) "[b]oth actions allege Defendant WPX failed to pay royalties" on "condensate and NGLs"; (v) "[b]oth actions claim Defendant WPX violated a duty to pay royalty on the best available price through non-arms-length affiliate sales"; (vi) "[b]oth actions claim Defendant WPX violated the New Mexico Oil and Gas Proceeds Payment Act," N.M. Stat. Ann. 1978 § 70-10-1 to -6; (vii) "[b]oth actions claim Defendants breached the covenant of good faith and fair dealing"; and (viii) "[b]oth actions assert claims for punitive damages."  Motions to Consolidate at 3-4 (citations omitted).

The Defendants assert that consolidation "will result in significant judicial efficiencies and avoid unnecessary cost and delay to the parties by avoiding duplication of effort and streamlining the pre-trial process."  Motions to Consolidate at 5.  They contend that, "because consolidation is requested solely for discovery and class certification, there is no possibility of prejudice."  Motions to Consolidate at 5.  The Defendants argue that, "[i]n complex litigation, competing or overlapping class actions, such as *Abraham* and *Anderson Trust*, are often pending simultaneously.  The[] cases may conflict if both are certified as they involve the same parties." Motions to Consolidate at 8.  They further assert that, "[w]hile the claims [in the two suits] are

not identical, they are operatively the same, and . . . the claims asserted in *Abraham* are clearly among those asserted in *Anderson Trust*."  Motions to Consolidate at 9.

The Defendants argue that "[j]ust because some defendants are not common between the two actions does not mean that the actions should not be, or cannot be, consolidated."  Motions to Consolidate at 10 (citing <u>Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v.</u> <u>LaBranche & Co., Inc.</u>, 229 F.R.D. 395, 402 (S.D.N.Y. 2004)).  They cite case law from the United States District Court for the District of Ohio for the proposition that, "[w]hen there are issues common to all defendants and at least one defendant is common between separate actions, consolidation is appropriate."  Motion to Consolidate at 9 (citing <u>Ohio *ex rel* Montgomery v.</u> <u>Louis Trauth Dairy, Inc.</u>, 163 F.R.D. 500, 503 (S.D. Ohio 1995)).  They also assert that the <u>Abraham</u> Plaintiffs' claim against Williams Four Corners and Williams Energy Resources -- Defendants not named in the <u>Anderson</u> case -- cannot "stand on its own in the absence of the underlying unjust enrichment claim that was dismissed" by the Court (the Court's written opinion on this issue is forthcoming).  Motions to Consolidate at 10 n.6 (arguing that the claims for declaratory relief and accounting are non-justiciable).

The Defendants argue that the fact that the consolidation is limited to discovery and class certification "only mitigates the risk of confusion or prejudice," and that, "'[e]ven in multi-party litigation, courts have been quick to emphasize that the danger of confusion from consolidation is largely overstated.'"  Motions to Consolidate at 13 (quoting <u>Internet Law Library, Inc. v.</u> <u>Southridge Capital Mgmt., LLC</u>, 208 F.R.D. 59, 61 (S.D.N.Y. 2002)).  They argue that, even if the two cases were in different stages of litigation, they could still be combined without prejudice to the two sets of Plaintiffs, and with significant efficiencies: "'[S]hort of cases ready for trial, cases at different stages of litigation are routinely consolidated.' . . .  But here, *Abraham* and

*Anderson* are at essentially the same stage of litigation.  Thus, [there will be] no significant delay . . . ."  Motions to Consolidate at 14 (quoting 208 F.R.D. at 62).

The Defendants note that Abraham Plaintiffs' counsel does not oppose consolidation and that Anderson Plaintiffs' counsel has in the past "indicated to the Court the prudence of consolidation, as well as their willingness to consolidate," and they characterize Anderson counsel's position opposing consolidation as a "recent change-of-heart."  Motions to Consolidate at 14, 15.  They last argue that the principle of comity and the doctrine of res judicata support consolidation, because if one of the two unconsolidated cases were to proceed ahead of the other, that case would -- either through application of res judicata or the honoring of comity -- bind the other.  Motions to Consolidate at 15-17.

The Abraham Plaintiffs filed a response in which they do not oppose consolidation.  See Plaintiff's Response to Defendant's Motion to Consolidate, filed October 25, 2013 in Abraham (Doc. 95)("Abraham Consolidation Response").  The Abraham Plaintiffs indicate an intent "to amend their complaint to assert a claim of civil conspiracy against all [D]efendants," Abraham Consolidation Response at 3, and reaffirm their belief in the vitality of declaratory relief and accounting claims against Williams, see Abraham Consolidation Response at 2.  Although the Abraham Plaintiffs "embrace" and "concur in the [D]efendants' motion regarding consolidation for discovery purposes," they submit that consolidation for the purpose of class certification "is best left to the court's preference. . . .  Nothing more needs to be done at this time."  Abraham Consolidation Response at 3.

The Anderson Plaintiffs filed a response opposing consolidation.  See Plaintiff's Response in Opposition to Defendants' Motion to Consolidate, filed October 25, 2013 in Anderson (Doc. 151)("Anderson Consolidation Response").  They argue that the

> Plaintiffs in this case have every right to obtain a judgment prior to the *Abraham* [P]laintiffs.  The acceptance of Defendants' argument would render the "first to file" doctrine meaningless.  Using Defendants' reasoning, a prospective class representative Plaintiff could wait until nine months after a suit was filed by other parties and then file[] his own complaint, duplicating the claims in the existing case, only to request the two be consolidated, in order to preclude the first filed case from reaching judgment first. . . .  Tenth Circuit case law clearly provides that the first to file a case should have priority over those filed later.

Anderson Consolidation Response at 2-3 (citing Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir. 1982)).

The Anderson Plaintiffs argue that "the prior actions of the Defendants belie their current . . . [contention that] the two actions are the same," because there is "a comprehensive and thoroughly briefed and argued Motion to Dismiss on all counts" in the Anderson case, but not in the Abraham case.  Anderson Consolidation Response at 3.  They pose the question: "If the two cases are[] the same, why didn't the Defendants file a similar motion in the *Abraham* matter?"  Anderson Consolidation Response at 3.

The Anderson Plaintiffs also argue that the two cases involve materially different discovery, and attach an exhibit to their Consolidation Response illustrating that "[t]he same number of depositions would be taken and have already been separately noticed by the Plaintiffs in each case," because while "Plaintiffs in the *Abraham* case have not noticed any depositions for FRCP 30(b)(6) testimony and are pursuing only individual named employees as discovery witnesses," the Anderson Plaintiffs made extensive use of rule 30(b)(6) depositions.  Anderson Consolidation Response at 3-4.  As such, they claim, the two cases "will be using different deposition discovery as a basis for their expert testimony."  Anderson Consolidation Motion at 4.

The Anderson Plaintiffs further argue that, if the cases were consolidated, they would be prejudiced by the Abraham Plaintiffs' counsel, J.E. Gallegos, who "is an owner of Pro NM Energy, Inc.," a company that "operates at least ten (10) wells in the San Juan Basin of New

Mexico," and which "has not . . . refuted that [it] is deducting costs similar to those which the Plaintiffs herein . . . are alleging have been found to be unlawful in the State of Colorado and which Plaintiffs believe will eventually be ruled to be unlawful in New Mexico."  Anderson Consolidation Response at 4-5.  They assert that "class counsel should not have any economic interest[] in conflict with any of the issues and claims being prosecuted against these Defendants," and that consolidation "would be prejudicial to the prosecution of the claims of the [Anderson] Plaintiffs."  Anderson Consolidation Response at 5.

The Defendants filed a reply to the Anderson Consolidation Response, but not the Abraham Consolidation Response.  See Defendants' Reply to Plaintiffs' Response to Motion to Consolidate, filed November 11, 2013 in Anderson (Doc. 158)("Consolidation Reply").  In their Consolidation Reply, the Defendants assert that the "[Anderson] Plaintiffs' primary argument against consolidation advances their own interest in obtaining a judgment prior to the *Abraham* [P]laintiffs. . . .  That the Plaintiffs would advance this argument at all, let alone as their primary argument in opposition to consolidation, is nothing less than shocking."  Consolidation Reply at 2.  They assert that the Anderson

> Plaintiffs['] appeal to the "first to file doctrine" as a basis for opposing consolidation is entirely misplaced.  The "first to file" doctrine is intended only to promote judicial economy by avoiding duplicative litigation.  By contrast, Plaintiffs attempt to invoke this doctrine as a strategic litigation tool in an effort to ensure their priority over the Abraham [P]laintiffs.  The Court should not permit a rule designed to promote judicial economy and substantial justice to be employed as a strategy to prevail in a race to the courthouse.
>
> Not only is such an argument irrelevant to the question of consolidation, it is disfavored in its own right.

Consolidation Reply at 2 n.1 (citing United States *ex rel*. Brown Minneapolis Tank Co. v. Kinley Const. Co., 816 F. Supp. 2d 1139, 1149-50 (D.N.M. 2011)(Browning, J.); id. at 3 n.2 (citing,

e.g., Wilder Chiropractic, Inc. v. Pizza Hut of Wis., Inc., 754 F. Supp. 2d 1009, 1015 (E.D. Wis. 2010); Nowak v. Ford Motor Co., 240 F.R.D. 355, 365 (E.D. Mich. 2006)).

The Defendants reaffirm their arguments that consolidation would produce litigation efficiencies and would not prejudice either set of Plaintiffs, see Consolidation Reply at 3-4, 4-5, and additionally assert that the Anderson Plaintiffs' "focus on differences in the Anderson and Abraham complaints is misplaced,"  Consolidation Reply at 5 (emphasis and title case omitted). They state that the "Plaintiffs raise the specter that consolidation . . . would somehow extinguish viable claims held by the Anderson [P]laintiffs.  This argument speaks to the merits of class certification, not the propriety of consolidating these actions for the limited purposes of discovery and a class certification hearing."  Consolidation Reply at 5 (citations omitted).

The Court held a hearing on February 21, 2014.  See Transcript of Hearing, taken February 21, 2014 ("2014 Tr.").  The Defendants stated that their "position on consolidation has evolved a bit" and "is now a contingent position."  2014 Tr. at 5:12-18 (Sutphin).  They "first argue that the Abraham hearing should be vacated. . . .  [C]onsolidation should only be decided if the . . . motion to vacate . . . is denied."  2014 Tr. at 5:18-24 (Sutphin).

The Defendants stated that they "have in fact had duplicate discovery, consisting of more than 100,000 records being produced twice[,] . . . duplicate depositions of the same witnesses[,] . . . and duplicate briefing on class certification."  2014 Tr. at 6:21-7:4 (Sutphin). They continue: "[O]nly one [potential] efficiency remains[] to be had here and that's efficiency at the class certification hearing."  2014 Tr. 7:5-7 (Sutphin).  The Defendants predicted that keeping the hearings separate would result in the Court hearing "very similar presentations from the [D]efendant[s]."  2014 Tr. 7:19 (Sutphin).  The Defendants conceded that they "do expect there will be some difference," 2014 Tr. at 8:14-15, between the Plaintiffs' presentations in the

two cases, and acknowledged that, even with their own defense witnesses, "there is not a complete identity of claims[, s]o . . . our expert presentations . . . [will] probably be tailored to those differences and the assertions made by the respective plaintiffs," 2014 Tr. at 8:22-25 (Sutphin).

The Defendants then turned to their motion to vacate the Abraham hearing. See 2014 Tr. 9:8 (Sutphin). The Court asked why Abraham, rather than Anderson, should be vacated, see 2014 Tr. at 9:12-13 (Court), to which the Defendants replied that the putative class in "Abraham is completely subsumed into [the class in] Anderson Trust, so if Anderson Trust is certified Abraham will be moot," 2014 Tr. at 9:18-20 (Sutphin). They further asserted that "there are some outstanding issues in Abraham that probably cannot be resolved before the class certification" that were raised by the Fourth Amended Complaint, including the civil conspiracy claim. 2014 Tr. at 9:20-10:1 (Sutphin).

The Defendants argued that the "current arrangement we have here . . . [involves] two competing overlapping almost identical class actions [and] seems to go against the very purpose of rule 23" of the Federal Rules of Civil Procedure. 2014 Tr. at 102:10-13 (Sutphin). They elaborated: "The purpose of rule 23 is to 'promote the efficient resolution of claims in cases involving similar claims to eliminate repetitious litigation and to avoid inconsistent judgments. . . . This [situation] subjects WPX . . . to repetitious litigation, defending against multiple parties with the same claims, as well as the prospect of inconsistent judgments." 2014 Tr. at 102:14-25 (Sutphin).

The Court stated that it was not inclined to vacate the Abraham hearing, see 2014 Tr. at 115:4-5 (Court), and that consolidation was the more attractive choice, see 2014 Tr. at 115:5-10 (Court). The Court then stated its inclination to not consolidate the class certification hearings,

stating that while the two hearings "may be terribly duplicative . . . [, it] will bet that there are differences that are subtle and nuance[d] . . . and [it] think[s] probably going from one to the other" would help the Court understand the differences.  2014 Tr. at 115:14-20 (Court).

## LAW REGARDING RULE 42(a)

In Servants of the Paraclete v. Great American Insurance Co., 866 F. Supp. 1560 (D.N.M. 1994), the Honorable Juan G. Burciaga, United States District Judge for the District of New Mexico, articulated the analysis that the court must conduct in determining whether to consolidate under rule 42(a) of the Federal Rules of Civil Procedure.  See 866 F. Supp. at 1572. Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  In deciding whether to grant a motion to consolidate, Judge Burciaga held that the court should initially consider whether the two cases involve a common question of law or fact.  See 866 F. Supp. at 1572.  If there is a common question, Judge Burciaga continued, the Court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause.  See 866 F. Supp. at 1572.  The party moving for consolidation bears the burden of demonstrating that consolidation is desirable. See 866 F. Supp. at 1572.

"[C]onsolidation does not merge separate suits into one cause of action."  Harrison v. Ill-Cal. Exp., Inc., 687 F.2d 1361 (10th Cir. 1982).

> "[C]onsolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other." . . .

. . .

> Instead, consolidation is an artificial link forged by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's facade, lie two individual cases.

Chaara v. Intel Corp., 410 F. Supp. 2d 1080, 1089, 1094 (D.N.M. 2005)(Browning, J.)(quoting McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982)).

Courts have broad discretion in determining whether to consolidate cases.  See Gillette Motor Transp., Inc. v. N. Okla. Butane Co., 179 F.2d 711 (10th Cir. 1950); 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure, Civil § 2383 (3d ed.)("[C]onsolidation . . . is . . . a matter of convenience and economy in judicial administration.  The district court is given broad discretion to decide whether consolidation under Rule 42(a) would be desirable and the district judge's decision inevitably is highly contextual . . . .").  A court's decision to grant consolidation is reviewed for abuse of discretion, see Skirvin v. Mesta, 141 F.2d 668, 672 (10th Cir. 1944), and a court's denial of a party's request to consolidate will be affirmed on appeal absent clear error or exigent circumstances, see Am. Emp'rs Ins. Co. v. Bottger, 545 F.2d 1265 (10th Cir. 1976).

## ANALYSIS

The Court will not -- at this stage -- consolidate the two cases for discovery, class certification, or trial.  There are, of course, myriad common questions of both law and fact between the two cases, but that is only a threshold inquiry.  See Servants of the Paraclete v. Great Am. Ins. Co., 866 F. Supp. at 1572; Fed. R. Civ. P. 42(a).  The Defendants have not met their burden to show that consolidation would produce substantial tangible efficiencies warranting the Court to override the Plaintiffs' autonomy in mastering their own complaints.  Although the Court sees little confusion or prejudice to the Plaintiffs resulting from at least some consolidation, the only inefficiency wrought by separate hearings is the likelihood of partially

overlapping testimony.  As the Court will consider the evidence presented in both hearings in its decisions on class certification in both cases, this overlap should be minimized: if the Abraham Plaintiffs -- who are scheduled to present their case for class certification immediately after, during the same week, the Anderson Plaintiffs present their case for class certification -- are satisfied with the Abraham Plaintiffs' presentation of a common issue, then there will be little need to reiterate it in their hearing.  If, on the other hand, they are unsatisfied and desire to present additional evidence, then they are entitled to do so: this is an argument against consolidation, not for it.

This principle holds true for discovery as well as class certification.  Document production, which in this case has been conducted almost entirely electronically, costs virtually nothing for the producing party to repeat.  To the extent that discovery for the two cases overlaps, the efficiencies are built-in, not reliant on the Court's decision to formally consolidate the cases.  See Memorandum Opinion and Order, filed March 6, 2014 in Anderson (Doc. 218)(describing the extensive electronic discovery in the case).  There remain two sets of Plaintiffs' counsel; each is entitled to discovery.  There is no sound reason to shift the cost of making two copies to the Plaintiff.

Depositions, on the other hand, are time-consuming, costly, and burdensome to repeat.  If the Plaintiffs in the two cases intended to depose a large number of common deponents, there would be a strong argument for demanding that the common depositions be performed contemporaneously, and not sequentially.  The Anderson Plaintiffs assert and present evidence supporting the assertions -- and the Defendants do not deny -- that "[t]he same number of depositions would be taken and have already been separately noticed," whether the cases are handled separately or consolidated.  Anderson Consolidation Response at 4.  The Anderson

Plaintiffs assert that they "have been working . . . , through meetings, correspondence and further deposistion notices to obtain FRCP 30(b)(6) testimony relating to Class Certification issues from the Defendants.  Conversely, Plaintiffs in the *Abraham* case have not noticed any depositions for FRCP 30(b)(6) testimony and are pursuing only individual named employees as discovery witnesses." Anderson Consolidation Response at 3-4.

There are also substantive differences between the two cases that have procedural implications further supporting denial of the Motions to Consolidate.  The Abraham Plaintiffs name two Defendants -- Williams Four Corners, LLC and Williams Energy Resources, LLC -- not named in Anderson.  Consolidation would thus, theoretically, burden those Defendants with the requirement of attending a larger consolidated hearing rather than a shorter, Abraham-only one.[2]  On the other hand, there is some doubt whether the remaining claims asserted against these two Defendants can stand now that the Court has dismissed the unjust enrichment claim: the Defendants argue that the remaining claims asserted against the two unique Abraham Defendants, for declaratory relief and accounting, cannot stand without the unjust enrichment claim.  The uncertainty bound up in this issue -- including the possibility that additional hearing time might need to be devoted to the issue, and the potential that the Abraham Plaintiffs might want to amend their remaining claims -- is specific to Abraham, and should not be allowed to weigh down the Anderson hearing.

---

[2] The same counsel represent all Defendants in both cases, so this burden is largely academic.  Because, however, Williams Four Corners, LLC and Williams Energy Resources, LLC have a right to, and an interest in, personally attending their own hearings, the Court will at least note this burden.  The Court gives little weight to this factor, because these parties have joined in the Motion to Consolidate.  Defendants' joint counsel are likely motivated to consolidate the cases for the aggregate benefit of all Defendants, but not necessarily each individually.

The Court does not see how comity or res judicata bear on the front-end question of whether to consolidate two cases, each of whose judgment might have preclusive effect on the other.  The Defendants cite ample case law for the proposition that a class certification ruling on Anderson might have persuasive, if not preclusive, effect on Abraham, see Motions to Consolidate at 15-17, but none stating that this potential compels a pre-certification consolidation.[3]  Although the Anderson Plaintiffs' argument that they "have every right to obtain a judgment prior to the *Abraham* [P]laintiffs," Anderson Consolidation Response at 2, is not persuasive, the default rules are that "the Plaintiff is the master of the complaint," and that earlier-filed cases have priority over later-filed cases, Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).  See Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir. 1982).  Refusing to consolidate -- at least at this stage -- serves the policy behind the default rules.  In sum, the defendants have not met their burden in seeking to upturn the default rules.

**IT IS ORDERED** that the Defendants' Motion to Consolidate, filed October 8, 2013  in Anderson Living Trust v. WPX Energy Production, LLC, No. CIV 12-0040 JB/LFG (Doc. 134), and the Defendants' Motion to Consolidate, filed October 9, 2013 in Abraham v. WPX Energy Production, LLC, No. CIV 12-0917 JB/ACT (Doc. 83), are denied without prejudice to renewing

---

[3] That the consolidation sought here is for discovery and class certification purposes only, and not trial, weakens the Defendants' argument.  Res judicata does not apply to a denial of class certification.  See American Law Institute, Principles of the Law of Aggregate Litigation § 2.11, at 179 (cited by Smith v. Bayer Corp., 131 S. Ct. 2368, 2381 n.11 (2011))("[D]enial of class certification should raise a rebuttable presumption against the same aggregate treatment in another court.  The basis for this presumption is not preclusion, but rather, comity . . . .").  As the application of comity is not a rigid rule, "but one of practice, convenience and expediency," the Court may rectify any injustice to the Abraham Plaintiffs that an adverse ruling in Anderson might cause.  Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 488-89 (1900).

at an appropriate time.  The Court will manage the cases separately for the purposes of discovery and class certification.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Stephen R. McNamara
Brian T. Inbody
McNamara, Inbody & Parrish, PLLC
Tulsa, Oklahoma

--and--

Stan Koop
Stan Koop, PLLC
Norman, Oklahoma

--and--

Karen Aubrey
Law Office of Karen Aubrey
Santa Fe, New Mexico

--and--

Brian K. Branch
The Law Office of Brian K. Branch
Albuquerque, New Mexico

--and--

Turner W. Branch
Cynthia Zedalis
Branch Law Firm
Albuquerque, New Mexico

--and--

Bradley D. Brickell
Brickell & Associates, PC
Norman, Oklahoma

*Attorneys for Plaintiffs The Anderson Living Trust, The Pritchett Living Trust, Cynthia W. Sadler, Robert Westfall, SWMF Properties, Inc., Lee Wiley Moncrief 1988 Trust, Minnie Patton Scholarship Foundation Trust, and Kelly Cox Testamentary Trust 7/1238401*

Jake Eugene Gallegos
Michael J. Condon
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

*Attorneys for the Plaintiffs Steven J. Abraham and H Limited Partnership*

Sarah J. Gillett
Dustin L. Perry
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
Tulsa, Oklahoma

--and--

Christopher A. Chrisman
Holland & Hart LLP
Denver, Colorado

--and--

Mark F. Sheridan
Bradford C. Berge
Robert J. Sutphin
John C. Anderson
Holland & Hart LLP
Santa Fe, New Mexico

*Attorneys for the Defendants*