## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THE ANDERSON LIVING TRUST f/k/a THE
JAMES H. ANDERSON LIVING TRUST;
THE PRITCHETT LIVING TRUST;
CYNTHIA W. SADLER; ROBERT
WESTFALL; LEE WILEY MONCRIEF 1988
TRUST; KELLY COX TESTAMENTARY
TRUST 7/1238401; MINNIE PATTON
SCHOLARSHIP FOUNDATION TRUST AND
SWMF PROPERTIES, INC.,

       Plaintiffs,

vs.                                                                No. CIV 12-0040 JB/LFG

WPX ENERGY PRODUCTION, LLC f/k/a
WPX ENERGY SAN JUAN, LLC; WILLIAMS
PRODUCTION COMPANY, LLC and WPX
ENERGY ROCKY MOUNTAIN, LLC f/k/a
WILLIAMS PRODUCTION RMT
COMPANY, LLC,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on an Email from Robert Sutphin, attorney for the Defendants, Holland & Hart LLP, to K'Aun Wild, Judge James O. Browning's courtroom deputy (dated June 1, 2016)(Doc. 330)("Email 1"). The Court held a hearing on June 3, 2016. The primary issue is whether the scheduling order in place calls for mediation on damages based on individual claims or on class claims. The settlement conference is on individual claims, and the parties, therefore, should attempt to negotiate the individual claims or move to vacate the settlement conference date.

**FACTUAL BACKGROUND**

This case is an oil-and-gas dispute between numerous land owner Plaintiffs (the Anderson Living Trust,  f/k/a The James H. Anderson Living Trust; The Pritchett Living Trust; Cynthia W. Sadler; Robert Westfall; Lee Wiley Moncrief 1988 Trust; Kelly Cox Testamentary Trust 7/1238401; Minnie Patton Scholarship Foundation Trust And SWMF Properties, Inc.), and oil-and-gas companies, (Defendants WPX Energy Production, LLC f/k/a WPX Energy San Juan, LLC and Williams Production Company, LLC; and WPX Energy Rocky Mountain, LLC, f/k/a Williams Production RMT Company, LLC), regarding royalty payment disputes.  The Court has already discussed the specific facts of this case in previously published opinions.  See, e.g., Anderson Living Trust v. WPX Energy Production, LLC, 27 F. Supp. 3d 1188, 1192-94 (D.N.M. 2014)(Browning, J.).  In this opinion, the Court will address only the facts relating to this dispute over the scheduling conference's scope.

**PROCEDURAL BACKGROUND**

The Defendants sent an email to the Court a few days before the scheduled settlement conference, asking whether settlement was on individual claims or class claims.  See Email 1 at 1.  The Court responded to the Defendants' email by explaining that the settlement conference is on individual claims.  See Email from K'Aun Wild, Judge James O. Browning's courtroom deputy, to Robert Sutphin, counsel for the Defendants, Holland & Hart LLP (dated June 1, 2016)(Doc. 330)("Court's Email").  The Plaintiffs then emailed the Defendants and the Court, arguing that settlement should be on class claims.  See Email from Cindy Zedalis, counsel for the Plaintiffs, Branch Law Firm, to K'Aun Wild, Judge Browning's courtroom deputy (dated June 2, 2016)(Doc. 331)("Plaintiffs' Email").  The Plaintiffs filed a motion for class certification on January 6, 2014.  See Plaintiffs Kelly Cox Testamentary Trust 7/1238401, Lee Wiley Moncrief

1988 Trust, Minnie Patton Scholarship Foundation Trust, SWMF Properties, Inc., Cynthia W. Sadler, The Anderson Living Trust, The Pritchett Living Trust, Robert Westfall's Motion to Certify Class, filed January 6, 2014 (Doc. 194)("Plaintiffs' Motion for Class Certification").  On March 19, 2015, the Court denied the Plaintiffs' Motion for Class Certification.  <u>See</u> Memorandum Opinion And Order denying the motion to certify the class (filed March 19, 2015)(Doc. 278)("MOO Denying Class Certification").  The Plaintiffs filed a Motion for Reconsideration on June 1, 2015.  <u>See</u> Plaintiffs' Motion for Reconsideration of Order Denying Class Certification, filed June 1, 2015 (Doc. 288)("Motion for Reconsideration").  The Court declined to reconsider the denial of class certification based on the class claims; however, it stated that the breach of the implied duty to market, which the Court had already dismissed from the case, might be a valid ground for class certification.  <u>See</u> Memorandum Opinion And Order granting in part and denying in part the motion for reconsideration, filed December 31, 2015 (Doc. 306)("Reconsideration MOO").  At the time the parties submitted their Joint Status Report/Pre-Discovery Plan ("JSR/PDP") and the Court's adoption of it, the Plaintiffs had not yet amended their complaint.  The class claims were therefore no longer in the case.  <u>See</u> JSR/PDP, filed February 15, 2016 (Doc. 311).

       1.       **<u>The Joint Status Report/Provisional Discovery Plan.</u>**

On February 15, 2016, the parties submitted a JSR/PDP.  In the JSR/PDP, the parties explained their respective positions on the Plaintiffs' claims.  <u>See</u> JSR/PDP at 2-4.  The JSR/PDP provided for the Plaintiffs to be "allowed until 03/07/2016 to move to amend the pleadings and until March 7, 2016 to join additional parties."  JSR/PDP at 2.  The parties identified the witnesses, including the experts, that they planned to depose.  <u>See</u> JSR/PDP at 5-7.  The parties also listed their exhibits and the subjects on which they would need discovery.  <u>See</u> JSR/PDP at

7-9.  Finally, the parties listed additional discovery provisions.  <u>See</u> JSR/PDP at 9.  Regarding discovery, the parties specifically agreed that: "Pursuant to the Parties' request contained in the March 27, 2012 Joint Status Report and Provisional Discovery Plan (Doc. No. 24), a settlement conference should be held within one month after discovery is completed on Plaintiffs' damage calculations . . . on or before June 17, 2016."  JSR/PDP at 9.

The Court adopted this JSR/PDP on February 19, 2016.  <u>See</u> Order Adopting the JSR/PDP, filed February 19, 2016 (Doc. 314).  That same day, the Court entered a scheduling order that summarized the deadlines the parties listed in their JSR/PDP.  <u>See</u> Scheduling Order, filed February 19, 2016 (Doc. 313)("Scheduling Order").

   2.   <u>Email 1.</u>

The Defendants sent Email 1 to the Court asking for its guidance regarding the scope of the upcoming settlement conference on June 13, 2016.  <u>See</u> Email 1 at 1.  The Defendants state that the Court adopted the JSR/PDP on February 19, 2016.  <u>See</u> Email 1 at 1.  The JSR/PDP required the parties to mediate by June 17, 2016.  <u>See</u> Email 1 at 1.  The parties scheduled a settlement conference for June 13, 2016 with the Honorable Jim Hall, former State District Judge, First Judicial District, State of New Mexico.  <u>See</u> Email 1 at 1.  The Defendants remind the Court that it denied class certification.  <u>See</u> Email 1 at 1.  The Defendants assert that the Court should therefore limit mediation to the Plaintiffs' individual claims.  <u>See</u> Email 1 at 1.  The Defendants further contend that extending the deadline to mediate would be useless, because the Plaintiffs insist that class claims must be the subject of mediation.  <u>See</u> Email 1 at 1.

3.      **The Court's Response.**

The Court responded to the Defendants' request for guidance on the day that they sent their Email 1.  See Court's Email at 1.  The Court copied all parties on the Court's Email.  See Court's Email at 1.  The Court indicated that it "thought the mediation would be on the individual claims and not on the class claims, which are not in the case."  Court's Email at 1.

4.      **The Plaintiffs' Email Response.**

The Plaintiffs responded with an Email on June 2, 2016.  See Plaintiffs' Email at 1.  The Plaintiffs respond that, in Email 1, the Defendants forget to mention that, after the Court entered the order requiring mediation, the Plaintiffs filed their Fifth Amended Complaint For Underpayment Of Oil And Gas Royalties on April 26, 2016 (Doc. 323)("Fifth Complaint").  See Plaintiffs' Email at 1.  In the Fifth Complaint, the Plaintiffs allege a class-wide claim for breach of the implied duty to market.  See Plaintiffs' Email at 1.  The Defendants filed an answer to the Plaintiffs' Fifth Amended Complaint on May 20, 2016.  See Plaintiffs' Email at 1.  The Plaintiffs advance that their new claim for breach of the implied duty to market was not the subject of their initial motion for class certification and that the Defendants have not filed a motion to dismiss the claim.  See Plaintiffs' Email at 1.  The Plaintiffs contend that the Court has not yet adjudicated the new breach of implied duty claim and that it remains pending, and thus that the Court should not require settlement on individual claims, because the new claim remains pending.  See Plaintiff's Email at 1.

5.      **The Hearing.**

The Court held a status conference on June 3, 2016.  See Clerk's Minutes (taken June 3,

2016)("Tr.").[1]   During the hearing, the Court called only the Anderson Living Trust case, although the Court had counsel representing the parties in Abraham v. WPX Energy, No. CV12-0917(JB/WPL)("Abraham"),[2] available on the phone, because both cases involve oil-and-gas class-certification disputes that involve overlapping proposed class members. See Tr. at 1:21-2:8 (Court). The Court first explained that, after a preliminary analysis of the facts in Abraham, the Court was inclined to deny class certification on the Abraham plaintiffs' breach-of-contract claims for the same reasons it denied the class certification in this case. See Tr. at 2:13-20 (Court). The Court further explained that it had dismissed the implied-duty-to-market claim in this case, whereas it had not yet done so in Abraham, and it could possibly still find a basis for class certification in Abraham. See Tr. at 2:20-3:2 (Court). The Court emphasized that these were preliminary notions and that the Court had not yet thoroughly reviewed the evidence that the Abraham defendants presented at the class certification hearing.

The Court also noted that the JSR/PDP included a section stating that settlement in this case cannot be evaluated before an exchange of expert reports or a ruling on the Plaintiffs' anticipated Rule 23 motion. See Tr. at 3:23-4:2 (Court). The document also mentioned that "the parties request a settlement conference following a ruling on plaintiffs' anticipated federal rule of Civil Procedure 23 motion." Tr. at 4:2-4 (Court). The Court reminded the parties that it had

---

[1]The Court's citations to the transcript for this hearing refer to the court reporter's original, unedited version. Any final version may contain slightly different page and/or line numbers.

[2]The Court also presides over Abraham v. WPX Production, No. CIV 12-0917 JB/CG, (D.N.M. 2016)(Browning, J.), which is another oil-and-gas dispute involving royalty owners in the San Juan Basin. See 2016 WL 3135647. As in this case, the Abraham plaintiffs seek class certification. See 2016 WL 3135647. Further, they seek certification on many of the same claims for which the Plaintiffs seek certification here. The certification of one class -- whether in Abraham or Anderson Living Trust -- would likely affect the Court's ability to certify a class in the other case. Accordingly, because the Court planned to discuss issues that could affect the Abraham plaintiffs' ability to certify a class, the Court ensured that the parties in Abraham could participate in the hearing.

denied the class certification and that the parties submitted a new JSR/PDP (filed February 15, 2015)(Doc. 311).  <u>See</u> Tr. at 4:6-10 (Court).  The new JSR/PDP provides for a settlement conference to be held on or before June 17, 2016, within one month after discovery is completed on the Plaintiffs' damage calculations.  <u>See</u> Tr. at 4:6-10 (Court).  The Court then explained that the "only way [the Court] can reasonably interpret" the JSR/PDP is as calling for settlement on "individual plaintiffs and individual claims."  Tr. at 4:23-5:2 (Court).  The class claims were no longer in the case when the parties submitted their new JSR/PDP.  <u>See</u> Tr. at 5:3-7 (Court).  The Court thus explained that "the order that is in place is that the parties will go to a settlement conference to discuss resolution of the individual claims."  Tr. 5:7-10 (Court).  The Court acknowledged that the Plaintiffs filed a Fifth Complaint attempting to bring class claims, but the Court reminded the parties that the Court adopted the scheduling order <u>before</u> the Plaintiffs filed their Fifth Complaint.  <u>See</u> Tr. at 5:10-16 (Court).  The Court finally suggested that the parties might want to move to vacate or to extend the settlement conference date if they cannot agree whether to discuss class claims.  <u>See</u> Tr. at 6:4-9 (Court).

The Plaintiffs raised two main concerns.  <u>See</u> Tr. at 6:20-7:14 (Brickell).  First, the Plaintiffs acknowledged that the date for the settlement conference was set before they filed their motion to amend their complaint.  <u>See</u> Tr. at 6:22-25 (Court).  They noted that the Court granted that motion, albeit after the Court adopted the JSR/PDP.  <u>See</u> Tr. at 6:22-25 (Court).  Second, the Plaintiffs noted that, in a related case involving many of the issues before the Court, the Honorable William Johnson, United States District Judge for the District of New Mexico, granted judgment enabling the Plaintiffs to file an appeal to the United States Court of Appeals of the Tenth Circuit.  <u>See</u> Tr. at 7:8-16 (Brickell).  The Plaintiffs then explained that they discussed with the Defendants the possibility of staying further proceedings in this case while

waiting to see how the Tenth Circuit rules on that appeal, but that the Defendants declined to agree to a stay of the proceedings. See Tr. at 7:14-9:23 (Brickell).

The Defendants first noted that settlement on individual claims would cost about $100,000.00. See Tr. at 10:1-5 (Sutphin). The Defendants advanced that, given the Plaintiffs' position, it is doubtful that the parties will settle before the scheduled date of June 16, 2016. See Tr. at 10:10-14 (Sutphin). The Defendants argued that either the parties should try their best to mediate or the Plaintiffs should move to amend the JSR/PDP. See Tr. at 10:14-21 (Sutphin).

The Court reiterated that it adopted the JSR/PDP and scheduling order before the Plaintiffs' amended the complaint. See Tr. at 10:23-11:3 (Court). The Court indicated that, because the class-wide claims were no longer in the case when the Court adopted the JSR/PDP and Scheduling Order, the parties should either mediate individual claims by June 17, 2016, or agree to move to vacate the mediation date. See Tr. at 11:3-13 (Court).

## ANALYSIS

The parties do not ask the Court to modify the scheduling order. Rather, they seek clarification about what the scheduling order requires. The timeline of events provides guidance. On March 19, 2015, the Court denied the Plaintiffs' motion for class certification. See MOO Denying Class Certification at 3. On June 1, 2015, the Plaintiffs filed a Motion for Reconsideration asking the Court to reconsider their request for class certification. See Motion for Reconsideration at 1. The Court denied the Motion for Reconsideration on December 31, 2015. See Reconsideration MOO at 2. The parties submitted a JSR/PDP on February 15, 2016. See JSR/PDP at 1. The Court adopted this JSR/PDP on February 19, 2016. See Order Adopting the JSR/PDP. In the JSR/PDP, the parties agreed to mediate damages by June 17, 2016: "a settlement conference should be held within one month after discovery is completed on

- 8 -

Plaintiffs' damage calculations on or before June 17, 2016." <u>See</u> JSR/PDP at 9.  On that same day, the Court published a Scheduling Order that set the deadlines for the parties to, among other things, conduct discovery, amend the pleadings, and identify and depose witnesses, in preparation for trying the only remaining claims -- the Plaintiffs' individual claims.  <u>See</u> Scheduling Order.

Although the Plaintiffs filed a Fifth Complaint to reintroduce class claims into their pleading on April 26, 2016, they did so after the Court adopted the JSR/PDP.  Moreover, the Court had not granted the Plaintiffs' motion to amend when it adopted the JSR/PDP.  The Court has not yet adjudicated the reintroduction of class claims.  Thus, at the time that the Court entered the Scheduling Order, the only claims anyone contemplated being litigated, tried, or settled, were the only claims at the time -- the Plaintiffs' remaining individual claims. Accordingly, the parties must try to settle the individual claims or move for relief from the order to go to a settlement conference.

**IT IS ORDERED** that the Plaintiffs and the Defendants mediate settlement based on individual claims on or before the scheduled deadline of June 17, 2016.  If they cannot agree to expand the scope of the claims to settle at the conference, then they should move to vacate the scheduling order deadline.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Stan Koop
Stan Koop, PLLC
Norman, Oklahoma

--and--

Stephen R. McNamara
Brian Inbody
McNamara, Inbody & Parrish, PLLC
Tulsa, Oklahoma

--and--

Brian K. Branch
The Law Office of Brian K. Branch
Albuquerque, New Mexico

--and--

Turner W. Branch
Cynthia Zedalis
Branch Law Firm
Albuquerque, New Mexico

--and--

Bradley D. Brickell
Brickell & Associates, PC
Norman, Oklahoma

      *Attorneys for the Plaintiffs*

Sarah Gillett
Dustin L. Perry
Hall Estill Hardwick PC
Tulsa, Oklahoma

--and--

Christopher A. Chrisman
Holland & Hart LLP
Denver, Colorado

--and--

Mark F. Sheridan
Bradford C. Berge
Robert J. Sutphin
John C. Anderson
Holland & Hart LLP
Santa Fe, New Mexico

*Attorneys for the Defendants*